Nott J.
If this case had been submitted to the jury on the simple ground, that the evidence authorized the pro- *173 vmmptiou of a grant, the court might not, perhaps, have felt disposed to disturb the verdict: but whether the evidence was sufficient to have authorized a verdict on that ground is a question on which it is not now necessary to express an opinion. Whether the plaintiff was not entitled to a right of way from necessity was also submitted to them; and on that ground they were instructed that the Commissioners of the Roads were authorised to judge of that necessity and to lay out "-the road according to their view of the subject. My individual opinion is that the act of 1788, from which it was supposed they derived such authority, delegates no such power. My brethren, however, differ in opinion from me with regard to that construction of the act; but as they consider that part of the act repealed by the act of 1817, which brings them to the same conclusion to which! had corne, it becomes unnecessary that 1 should express the views which I had taken of the act of 1788. The act of 1817 provides that whereas much .injury and vexation to the citizens of this state have accrued from the improper exercise of the power of theCommis-snissioners of the roads to lay out and open new roads through their plantations and lands: Be it enacted &c. that no board of Commissioners of the roads in this state shall hereafter, have power to grqnt or. open any new road over the lands of persons who shall sig- " aify to -the said board any opposition 8zc. Now although •that act does not make use of the words “ private paths,”1 which are used in the act óf 1788 but speaks of “ roads” only, from whence it might be inferred that it was only the intention of the legislature "to restrain them from laying out "public roads; yet when the object is considered, the court are of opinion" that it must be construed to include all discription of ways, whether public high ways or private paths. The object was to set bounds to that uncontrolled authority which the Commissioners had previously exercised over the ::he rights of the citizens:- And if they cannot be permitted to *174 exercise such authority when in there opinion the public good requires it, it cannot be supposed that the legislature intended to invest them with the dangerous power of taking the property of one -man and giving it to another. If the ■ plaintiff was entitled to a right of way from necessity, the defendant was bound to allow it to him. But he was authorized to lay, it off in any manner the least inconvenient to himself. He was under no obligation to subject himself to an inconvenience for the convenience of the other: and if he refused to lay off a road or obstruct one which he had laid off, the plaintiff could have maintained an action against him. - But it was a' case in which the Commissioners of the roads could not interfere. The road in question then has been opened without any competent authority and against the consent of the defendant; the plaintiff therefore, acquired no right of way by that act of the Commissioners, nor any right of action by the obstruction complained of The motion for a new trial must, therefore, be granted on the ground of misdirection.
But there are other questions involved in this case which are worthy of consideration.
Suppose the plaintiff entitled to a right of way oves-the defendants land, is the erecting of a gate upon it such an obstruction as- to give a right of action? Is the owner of the land under an obligation to subject himself to the expense and inconvenience of keeping up a lane-through his plantation for the accommodation of a single individual? Must he make a thoroughfare for all the community and expose his plantation to the inroads and ravages of all the domestic animals in the country, merely because his neigh-bour, for whose particular use it is allowed, cannot submit to the inconvenience of opening arid shutting a gate? Is such a state of things consistent with those equal rights and privileges >vhich constitute the essential requisites of a free government? These are questions which in all probability must be-encountered on another trial. Something like mutual accom* roodation ought to be expected in such cases; and, I think it *175 Worth the consideration of the parties whether the indulgence ©f such a disposition might not probably lead to ns favorable a result in this case as may be expected from any other source.
Motion granted, (a)

 On the subject of a right of Way, seethe authorites collected in Met-calf's Ed: of Slarkie on Evidence, 3 vol: 1676, and the doctrine of Prescription generally is well treated on at page 1200, of the same volume.